**MILES L. KAVALLER,**
**A PROFESSIONAL LAW CORPORATION**
Miles L. Kavaller, Esq. - SBN 73950
6355 Topanga Canyon Blvd., Suite 518
Woodland Hills, California 91367
Tel.: 818-992-4243
*e*Fax:  (818) 436-5981
E-Mail: mileskavaller@att.net

Attorney for Plaintiffs, De Well Container Shipping, Inc.
And De Well Logistics, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE WELL CONTAINER SHIPPING, INC., a California corporation and DE WELL LOGISTICS, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>STUDIO IMPORTS LTD., INC., a Florida corporation<br><br>Defendants. | CASE NO.<br><br>FIRST AMENDED COMPLAINT FOR OCEAN, ACCESSORIAL AND OTHER FREIGHT CHARGES<br><br>(46 U.S.C. §41104) |

Plaintiffs, DE WELL CONTAINER SHIPPING, INC., a California corporation and DE WELL LOGISTICS, LLC, a California limited liability company (hereinafter sometimes referred to collectively as "De Well") for their Complaint against STUDIO IMPORTS LTD., INC., a Florida corporation ("Studio Imports") allege as follows.

### JURISDICTION.

1.     This action, in part, arises under the provisions of 46 U.S. C. §41104 which require a non-vessel operating common carrier ("NVOCC")  to maintain a tariff and to charge and receive only those rates contained therein. See *Sea-Land Service, Inc. v. Murrey & Son's Co.*

---
FIRST AMENDED COMPLAINT FOR OCEAN, ACCESSORIAL AND OTHER FREIGHT CHARGES
1

*Inc.*, 824 F.2d 740 (9th Cir. 1987). This U.S. District Court therefore has jurisdiction over the parties and the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 and 1336.

2.      This action also consists, in part, of unpaid freight charges for the delivery and handling of international airfreight shipments arriving at LAX to consignees in Los Angeles County, California. The Court is requested to exercise its supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the Second Claim for Breach of Contract and Third Claim for Common Counts which, it is alleged, are so related to First Claim for ocean and accessorial freight charges that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE.

3.      All of, or a substantial part of, the services for which freight and accessorial charges are being sought were provided by the Plaintiffs in Los Angeles County, California. Venue in this U.S. District Court is proper under 28 U.S.C. 1391(b), a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES.

4.      At all times herein mentioned, Plaintiff DE WELL CONTAINER SHIPPING, INC. ("DWCS"), was and is a California corporation in good standing and maintains its principal place of business in Los Angeles County, California. DWCS is a NVOCC registered with the Federal Maritime Commission ("FMC") and maintains a tariff as required by law.

5.      At all times herein mentioned, Plaintiff DE WELL LOGISTICS, LLC INC. ("DWL"), was and is a California limited liability company in good standing with its principal place of business in Los Angeles County, California. DWL is registered with the Federal Motor Carrier Safety Administration ("FMCSA"), Dept. of Transportation, as a motor carrier. DWL acts as the United States agent for DWCS for the receipt and distribution of cargo.

6.      At all times herein mentioned, Defendant Studio Imports was, and is, upon information and belief, a corporation organized under and by virtue of the laws of the State of

Florida with its principal place of business in Hollywood, Florida. Studio Imports conducts business in California at least to the extent of the activities of De Well in delivering the international shipments of cargo arriving in the Los Angeles ports and LAX to consignees in Los Angeles County, California for which De Well is here seeking payment.

## FIRST CLAIM

### (FOR TARIFF CHARGES FOR OCEAN FREIGHT AND ACCESSORIAL CHARGES UNDER 46 U.S.C. §41104)

7. The allegations in paragraphs 1 through 6 are incorporated herein as though fully set forth and repeated and it is further alleged as follows.

8. Between on or about September 1, 2013 and January 30, 2014, DWCS provided NVOCC services to Defendant Studio Imports which included ocean transport and delivery to the consignees designated in the bills of lading. Items 1 through 5 and 10 through 14 in Exhibit 1 attached hereto and incorporated herein, identify ten (10) such shipments for which invoices for ocean freight and accessorial charges such as a marine chassis were sent to Studio Imports for payment totaling $28,764.80. These charges are contained in DWCS's FMC tariff and it is required by 46 U.S.C. 41104 to charge and collect those amounts.

9. Defendant Studio Imports has failed and refused to pay DWCS's tariff charges and is liable to DWCS therefor together with interest, court costs and attorney's fees.

## SECOND CLAIM

### (BREACH OF CONTRACT FOR PAYMENT OF TRUCK TRANSPORT INCIDENTAL TO INTERNATIONAL AIR TRANSPORT)

10. The allegations in paragraphs 1 through 6 are incorporated herein as though fully set forth and repeated and it is further alleged as follows.

11. Between on or about September 1, 2013 and January 30, 2014, Defendant Studio Imports contracted with DWCS and issued air waybills therefor for the international air transport

1. of those shipments identified by Column H on Exhibit 1, incorporated herein, including items 6, 8, 9, 15, 16 and 17. The invoices there identified for the truck delivery of those shipments to the consignees designated in the bills of lading were sent to Defendant Studio Imports for payment and total $2,333.27.

12. Plaintiff DWCS has performed, or satisfied, all of the requirements of the contracts for air transport or has otherwise been excused therefrom.

13. Defendant Studio Imports has failed and refused to pay DWCS's invoices and is liable to DWCS therefor in the sum of $2,333.27 together with prejudgment and post-judgment interest, costs and attorney's fees.

## THIRD CLAIM

## (COMMON COUNTS)

14. The allegations in paragraphs 1 through 6 and 11 through 13 are incorporated herein as though fully set forth and repeated and it is further alleged as follows.

15. Plaintiffs allege that Defendant became indebted to Plaintiff within the last four years on an open book account for money due in the sum of $31,118.07.

16. Plaintiffs further alleges that Defendant became indebted to Plaintiff within the last four years because an account was stated in writing by and between Plaintiff and Defendant in which it was agreed that the Defendant was indebted to Plaintiff in the sum of $31,118.07.          .

17. Plaintiff further alleges that Defendant became indebted to Plaintiff within the last two years for work, labor, services and materials rendered at the special instance and request of the Defendant and for which the Defendant agreed to pay a reasonable sum.

18. Plaintiffs have suffered damages in the sum of $31,118.07 for which the Defendant is liable, together with interest and costs.

///

WHEREFORE, Plaintiffs DE WELL CONTAINER SHIPPING, INC., and DE WELL LOGISTICS, LLC pray for Judgment against Defendant STUDIO IMPORTS LTD., INC. As follows:

ON THEIR FIRST CLAIM:

1. For tariff charges of $28,764.80
2. For contractual attorney's fees according to proof;
3. For prejudgment and post-judgment interest and costs and such other and further relief as the Court deems just.

ON THEIR SECOND CLAIM:

1. For damages of $2,333.27
2. For contractual attorney's fees according to proof;
3. For prejudgment and post-judgment interest and costs and such other and further relief as the Court deems just.

ON THEIR THIRD CLAIM:

1. For damages of $31,118.07
2. For prejudgment and post-judgment interest and costs and such other and further relief as the Court deems just.

Dated: July 3, 2014

**MILES L. KAVALLER,**
**A PROFESSIONAL LAW CORP.**

By:_____
Miles L. Kavaller, Esq.
Attorney for Plaintiffs
DE WELL CONTAINER SHIPPING, INC.,
and DE WELL LOGISTICS, LLC

---

FIRST AMENDED COMPLAINT FOR OCEAN, ACCESSORIAL AND OTHER FREIGHT CHARGES

5